UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 12-22763-CIV-MORENO**

GIL ALVAREZ and RAQUEL ALVAREZ,

     Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant.

_____/

## ORDER DISMISSING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Failure to State a Claim (D.E. No. 6). For the reasons set forth below, Defendant's motion is GRANTED as to Counts 1, 2, 4, 5, 6, 7 and 9. The parties are directed to proceed to arbitration with respect to the claims that do not involve personal injury, illness or death as provided in the cruise ticket contract, specfically, Counts 3, 8 and 11. Accordingly, the case is hereby DISMISSED.

### I. *Plaintiffs' Allegations*

On August 28, 2011, Plaintiffs Gil and Raquel Alvarez (collectively, "Plaintiffs") boarded a cruise ship owned and operated by Royal Caribbean Cruises, LTD. ("Defendant"). D.E. No. 1 ¶ 13. What followed, according to Plaintiffs, was a "terrible and totally avoidable ordeal" related to the non-delivery of Plaintiffs' luggage. *Id.* ¶ 28. The gravamen of the complaint is that Plaintiffs spent approximately seven or eight hours without luggage and, upon discovering their suitcases onboard, were forced to carry their own bags to their stateroom, which was on the same floor as the unattended luggage. *Id.* ¶¶ 16-19. According to the complaint, Plaintiffs suffered aches, bruises,

headaches, pain and suffering, mental anguish, humiliation and embarrassment as a result of this ordeal. *Id.* ¶¶ 28, 70. Plaintiffs' complaint further alleges several customer service lapses and unfulfilled promises on the part of cruise line employees. *Id.* ¶¶ 21-29. Finally, Plaintiffs allege that Defendant refused to arbitrate the Plaintiffs' complaints as provided for in the passenger contract contained in the cruise ticket. *Id.* ¶ 81.

On July 27, 2012, Plaintiffs filed the complaint which gave rise to the instant action. The complaint contains eleven (11) counts alleging, in order, strict liability; breach of contract (Counts Two and Three); unjust enrichment; negligence; breach of duty of good faith and fair dealing; negligent misrepresentation; violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201 et seq. (2012); fraud in the inducement; misleading advertising in violation of Fla. Stat. § 817.41; and punitive damages.

## II. *Jurisdiction and Applicable Law*

A tort claim is subject to the federal courts' admiralty jurisdiction when (1) it occurs on navigable waters or is caused by a vessel on navigable waters, (2) the incident has a potentially disrupting impact on maritime commerce, and (3) the general character giving rise to the incident has a substantial relationship to traditional maritime activities. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).The Court has jurisdiction over this action because this lawsuit arises from (1) alleged misconduct that occurred while the Plaintiffs were passengers aboard Defendant's cruise ship and (2) an alleged breach of the cruise ticket for the Plaintiffs' voyage on the Allure. *See* 28 U.S.C. § 1333; *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir.1990) (finding that admiralty law governed slip and fall incident on cruise ship and noting that "when the parties allege diversity of citizenship as the basis of the federal court's

jurisdiction...if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case"). For the same reasons, general maritime law governs this action. *See* Thomas J. Schoenbaum, 1 *Admiralty and Maritime Law* § 3-5 (2d ed. 1994); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).

### III. *Legal Standard*

On August 23, 2012, Defendant filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), claiming Plaintiffs' allegations fail to state a cause of action. D.E. No. 6. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Where a cause of action sounds in fraud, however, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The `particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *West Coast Roofing & Waterproofing, Inc. v. Johns Manvilie, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). Thus, the Rule's "particularity"

requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *Id.* at 86. To meet this standard, the Complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *Id.*

## IV. *Discussion*

### 1. *Arbitrable claims*

As alleged in Count Three of Plaintiffs' complaint, Defendant's cruise ticket contract provides for arbitration of all claims not involving "PERSONAL INJURY, ILLNESS OR DEATH OF A PASSENGER...." D.E. No. 1 ¶ 81; Royal Caribbean Cruise/ Cruisetour Ticket Contract, sec. 10(b) (attached to complaint as "Exhibit A") (capitalization in original). The Federal Arbitration Act ("FAA") establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1213-1214 (11th Cir. Sep. 23 2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25 (1983) ("Because the FAA is at bottom a policy guaranteeing the enforcement of private contractual arrangements, we look first to whether the parties agreed to arbitrate a dispute, not to general policy goals, to determine the scope of the agreement."); *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002) (internal citation and quotation marks omitted)).

This presumption in favor of arbitration is not absolute, however: "The courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Goldberg v. Bear, Stearns & Co.,* 912 F.2d 1418, 1419-20 (11th Cir. 1990).

That means "the parties will not be required to arbitrate when they have not agreed to do so." *Id.* at 1419; *see also Waffle House*, 534 U.S. at 294 ("Arbitration under the FAA is a matter of consent, not coercion.") (internal quotation marks omitted).

Here, it is apparent from the face of the cruise ticket contract that Defendant cruise line agreed to arbitrate "ANY AND ALL OTHER DISPUTES, CLAIMS OR CONTROVERSIES WHATSOEVER EXCEPT FOR PERSONAL INJURY, ILLNESS OR DEATH OR A PASSENGER BETWEEN PASSENGER AND CARRIER, VESSEL OR TRANSPORT...." Royal Caribbean Cruise/ Cruisetour Ticket Contract, sec. 10(b) (capitalization in original); D.E. No. 1 at 47. This is the kind of all-encompassing language that the Eleventh Circuit Court of Appeals recently suggested would require enforcement of a broad arbitration provision such as the one at issue. *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. Sep. 23, 2011) ("If the cruise line had wanted a broader arbitration provision, it should have left the scope of it at any and all disputes, claims, or controversies whatsoever[.]") (internal citation and quotations omitted). The fact that the arbitration provision contains an exemption for claims alleging personal injury, illness and death is consistent with both federal maritime law and public policy.[1] Accordingly, the Court finds no reason to limit the scope of the arbitration provision contained in the cruise ticket contract.

Plaintiffs, meanwhile, accepted the terms and conditions of the contract by purchasing and accepting passage onboard Defendant's vessel. Courts have uniformly held that passengers are bound by provisions printed on a ticket, even when the passenger did not actually read those provisions. *See*

---

[1] *See* Limitation of Vessel Owner's Liability Act, 46 U.S.C. App. § 183c; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596, 111 S. Ct. 1522, 1529 (1991) (interpreting § 183c as a response to passenger-ticket conditions purporting to remove the issue of liability from the scrutiny of any court by means of a clause providing that the question of liability and the measure of damages shall be determined by arbitration.)

*Nash v. Kloster Cruise A/S*, 901 F.2d 1565 (11th Cir. 1990); *Harden v. American Airlines*, 178 F.R.D. 583, 587 (M.D. Ala. 1998) ("The Plaintiff who fail[s] to sign the ticket would still be bound by it, because he accepted passage on the ship."). Plaintiffs are therefore likewise bound by the broad arbitration provision contained in the cruise ticket contract.

Defendant argues that it is not required to arbitrate pursuant to the agreement because Plaintiffs' claims are not within the scope of the arbitration agreement.[2] D.E. No. 6 at 5-6. Defendant points out that any claims related to the personal injuries allegedly suffered by Plaintiffs are not arbitrable. *Id.* at 6. As discussed further below, Defendant is correct in this regard. However, in response to the claim that Defendant breached its contract by refusing to arbitrate Plaintiffs' claims in accordance with the cruise ticket contract, Defendant responds as follows: "[I]t is unclear what issues would even be submitted to arbitration or what damages would be involved. In short, Plaintiffs' Complaint fails to provide [Defendant] with fair notice of its claim for relief given that Defendant does not know the scope or true nature of Plaintiffs' allegations." *Id.*

While the Court shares Defendant's skepticism with respect to what, if any, damages could possibly have resulted from the Plaintiffs' experience aboard Defendant's cruise ship, there is no doubt as to "what issues would...be submitted to arbitration" in this case; the cruise ticket contract's all-encompassing arbitration agreement makes it apparent:

> ARBITRATION OF ALL OTHER CLAIMS: ANY AND ALL OTHER DISPUTES, CLAIMS OR CONTROVERSIES WHATSOEVER, EXCEPT FOR PERSONAL INJURY,

---

[2]Defendant also contends that Plaintiffs failed to timely submit their complaints under the conditions set forth by the arbitration clause: "Under the Cruise Ticket Contract [DE 1, Exhibit A, ¶10] arbitration shall not 'be maintainable unless . . . valid notice or service of such proceeding is effected within sixty (60) days after filing.'" However, as evidenced by the American Arbitration Association's March 8, 2012 letter to the parties to this dispute, Defendant received timely notice of Plaintiffs' demand for arbitration, which was filed on February 29, 2012 according to the complaint. *See* D.E. No. 1 at Exhibit D; *id.* ¶ 54.

ILLNESS OR DEATH OF A PASSENGER, BETWEEN PASSENGER AND CARRIER, VESSEL OR TRANSPORT, WHETHER BASED ON CONTRACT, TORT, STATUTORY, CONSTITUTIONAL OR OTHER LEGAL RIGHTS, INCLUDING BUT NOT LIMITED TO ALLEGED VIOLATION OF CIVIL RIGHTS, DISCRIMINATION, CONSUMER OR PRIVACY LAWS, OR FOR ANY LOSSES, DAMAGES OR EXPENSES, RELATING TO OR IN ANY WAY ARISING OUT OF OR CONNECTED WITH THIS CONTRACT OR PASSENGER'S CRUISE, NO MATTER HOW DESCRIBED, PLEADED OR STYLED, SHALL BE REFERRED TO AND RESOLVED EXCLUSIVELY BY BINDING ARBITRATION PURSUANT TO THE UNITED NATIONS CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (NEW YORK 1958), 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 U.S.T. LEXIS 115, 9 U.S.C. §§ 202-208 ('THE CONVENTION") AND THE FEDERAL ARBITRATION ACT, 9 U.S.C. §§ 1, ET SEQ., ("FAA") SOLELY IN MIAMI, FLORIDA, U.S.A. TO THE EXCLUSION OF ANY OTHER FORUM.

Royal Caribbean Cruise/ Cruisetour Ticket Contract, sec. 10(b). With the exception of those alleging personal injury, Plaintiffs' claims are within the scope of this arbitration provision. Specifically, Count Three (breach of the arbitration agreement); Count Eight (violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)); Count Ten (misleading advertising in violation of Fla. Stat. § 817.41); and Count Eleven (punitive damages) do not allege bodily injury, illness or death. They are therefore arbitrable under the terms of the cruise ticket contract. That these claims and the allegations underlying them are very likely frivolous does not change the fact that Defendant must proceed to arbitration with respect to those claims that are within the scope of the cruise ticket contract's arbitration clause.

*2. Personal injury claims*

As stated in Defendant's motion to dismiss, the arbitration clause contained within the cruise ticket contract does not apply to the personal injury claims alleged by Plaintiffs throughout their complaint. D.E. No. 6 at 6; D.E. No. 1 ¶¶ 70, 76, 92, 102, 107, 116, 141. To the extent Plaintiffs maintain they suffered personal injuries as a result of their cruise, their claims are outside the scope

of the cruise ticket contract's arbitration provision. The Court therefore considers those counts in order.

### i.    Count One: Strict Liability

In Count One of the complaint, Plaintiffs claim that the cruise line's alleged misconduct was "willful" and that Defendant is strictly liable for the lost and misplaced luggage and any damages resulting therefrom. D.E. No. 1 ¶¶ 63-70. Specifically, Plaintiff alleges that the cruise line's failure to deliver their baggage in a timely fashion resulted in "bodily injury and resulting pain and suffering, mental anguish, humiliation and embarrassment[.]" *Id.* ¶ 70. As set forth in Defendant's motion to dismiss, Plaintiffs have failed to allege that Defendant, or any of its employees, committed an intentional tort that would warrant the imposition of strict liability. D.E. No. 6 at 4 (citing *Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d 1275, 1282 (S.D. Fla. 2005)). Accordingly, Count One of Plaintiffs complaint is dismissed.

### ii.    Count Two: Breach of Contract

The Court agrees with Defendant's assertion that the allegations contained within Plaintiffs' first breach of contract claim do not meet the pleading standards set out by Fed R. Civ. P. 8. *See* D.E. No. 6 at 5 (citing *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1321 (M.D. Fla. 2002) ("The Rule within the 11th Circuit is clear that breach of contract actions cannot be implied.")) Plaintiffs must identify what contractual promises the Defendant has allegedly breached with respect to the timely delivery of luggage. Put another way, to adequately allege a breach of contract claim, Plaintiffs are required to point toward an express provision in the contract that creates the obligation allegedly breached. There is no such provision in the cruise ticket contract. Plaintiffs merely restate their negligence and misrepresentation claims under the guise of a breach of contract claim.

Accordingly, Count Two is dismissed.

    iii.   <u>Count Four: Unjust Enrichment</u>

In Count Four of the complaint, Plaintiffs assert that Defendant was "unjustly enriched by having been permitted to obtain the full value of the cruise without delivering the required full benefits of the cruise and subsequently breaching its subsequent agreement with the Plaintiffs." D.E. No. 1 ¶ 91. Under Florida law, the elements of an unjust enrichment claim are "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995). However, unjust enrichment is an equitable remedy which necessarily fails upon a showing that an express contract exists. *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998). As stated in Defendant's motion to dismiss, a plaintiff cannot claim unjust enrichment where the plaintiff has derived a substantial benefit from the payment. D.E. No. 6 at 7 (citing *Pensacola & A.R. Co. v. Braxton*, 16 So. 317, 321 (Fla. 1894)). In this case, Plaintiffs remained on board the ship for the duration of the cruise which is, presumably, the benefit of a contract for passage by sea. Further, Plaintiffs' claim for unjust enrichment is precluded because an express contract existed between them and the cruise line. Accordingly, Count Four of Plaintiffs' complaint is dismissed.

    iv.   <u>Count Five: Negligence</u>

In Count Five of the complaint, Plaintiffs claim that Defendant negligently handled the transport of Plaintiffs' luggage and is liable for the any damage, loss, delay and harm resulting from the non-delivery of the luggage. First, there is no "lost and misplaced luggage" as the Plaintiffs admit

they recovered their bags several hours after boarding. D.E. No. 1 ¶ 18. Second, Plaintiffs' absurd contention that the retrieval of their own luggage, which was located on the same floor as their cabin as conceded in oral argument, resulted in bodily injury, pain and suffering, mental anguish, humiliation and embarrassment borders is implausible if not frivolous. Third, Plaintiffs fail to allege the proper standard of care established by maritime negligence cases. Plaintiffs allege that a common carrier "owes a special duty to its passengers[.]" D.E. No. 1 ¶ 59. Accordingly, Count Five of Plaintiffs complaint is dismissed.

     v.    <u>Count Six: Breach of Duty of Good Faith and Fair Dealing</u>

Under Florida law, a claim for breach of the implied covenant of good faith and fair dealing may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim." *Stallworth v. Hartford Ins. Co.*, 2006 U.S. Dist. LEXIS 70389 (N.D. Fla. 2006) (citing *Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 7309 (S.D. Fla. Mar. 4, 2005)). Plaintiffs base their breach of the duty of good faith and fair dealing claim on the same allegations as their breach of contract claim in Count Two. Because Count Six is largely duplicative of the allegations contained in the Count Two claim, Count Six is dismissed.

     vi.    <u>Count Seven: Negligent Misrepresentation</u>

In Count Seven of the complaint, Plaintiffs allege Defendant made misrepresentations of material fact "in regards to the careless and negligent mishandling of their luggage and the quality of their personnel and cruise." D.E. No. 1 ¶ 108. Plaintiffs further contend that statements appearing on Defendants website "in regards to the quality of [Defendant's] luxury cruise vacation" were "misrepresentations of material fact". *Id.* ¶ 111-113. Defendant argues that Plaintiffs' allegations do

-10-

not establish the elements of a negligent misrepresentation claim. D.E. No. 6 at 10-12 (citing the elements set forth in *Jaffe v. Bank of Am.*, 667 F. Supp. 2d 1299, 1319-29 (S.D. Fla. 2009)). Defendant is correct. Plaintiffs do not allege that they relied on the statements of cruise ship personnel with respect to baggage delivery in any way. Even if they had alleged reliance, Plaintiffs fail to allege what damages arose from their reliance on these purported statements. Further, the alleged misrepresentations identified by the Plaintiffs as appearing on Defendant's website are non-actionable puffery and sales talk.[3] *Hill v. Celebrity Cruises, Inc.*, 2011 U.S. Dist. LEXIS 128737, 19-20 (S.D. Fla. Sept. 14, 2011) ("Puffing signifies meaningless superlatives that no reasonable person would take seriously, and so it is not actionable...."). Count Seven of Plaintiffs complaint is dismissed.

  vii. <u>Count Nine: Fraud in the Inducement</u>

   To adequately plead a claim for fraud in the inducement, Plaintiffs must allege (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. *Stires*, 243 F. Supp. 2d 1313 (citing *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla. 1984)). Furthermore, Fed. R. Civ. P. 9 requires that Plaintiffs plead the circumstances constituting fraud with particularly. *Id.* In alleging fraud in the inducement, Plaintiffs identify the same alleged misrepresentations as identified in Count Seven (negligent misrepresentation). Plaintiffs fail to identify with particularity which

---

   [3]For example, Plaintiffs allege that the following language constitutes a misrepresentation of material fact: "A Royal Caribbean Cruise vacation is an experience you'll never forget. And we want to help you get the very most out of every moment" and "Our goal is to provide you with the best possible service in everything we do." D.E. No. 1 ¶¶ 111, 112.

statements, aside from the non-actionable sales talk appearing on Defendant's website, were relied upon. For the reasons cited in dismissing Count Seven, Count Nine is dismissed.

Accordingly, it is

**ADJUDGED** that <u>Count One</u> (strict liability), <u>Count Two</u> (breach of the cruise ticket contract), <u>Count Four</u> (unjust enrichment), <u>Count Five</u> (negligence), <u>Count Six</u> (breach of duty of good faith and fair dealing), <u>Count Seven</u> (negligent misrepresentation) and <u>Count Nine</u> (fraud in the inducement) of the complaint are DISMISSED without prejudice. It is further

**ADJUDGED** that Defendant is hereby DIRECTED to proceed to arbitrate <u>Count Three</u> (breach of the arbitration agreement), <u>Count Eight</u> (violation of FDUTPA), <u>Count Ten</u> (misleading advertising); and <u>Count Eleven</u> (punitive damages) as mandated by the cruise ticket contract. The instant action is hereby DISMISSED. The Clerk shall CLOSE this case and all pending motions are DENIED AS MOOT.  This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of November, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record
**Gil Alvarez**
542 Mount Argyll Court
Apopka, FL 32712
407-358-4262
PRO SE

**Raquel Alvarez**
542 Mount Argyll Court
Apopka, FL 32712
407-358-4262
PRO SE